Troy Law, PLLC
John Troy (JT 0481)
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
Fax: (718) 762-1342
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x

CHAN-CHONG CHIA a/k/a Michael Chia and
FRANK THAI,
*on behalf of themselves and others similarly situated*,
                                                                    Plaintiff,

                                    v.

BANGKOK THAI CUISINE, INC.
            d/b/a Bangkok Thai Cuisine,
GREEN PAPAYA THAI RESTAURANT, INC.
            d/b/a Bangkok Thai Cuisine;
TAI VIEM MA;
CHAU XAO MA;
IRENE MA;
DAVID MA;
MICHAEL MA;
RICHARD MA;
ALEX SETO;
ANDY SHE,
                                                                    Defendants.
------------------------------------------------------------------x

**Case No. 17-cv-2539**

**29 U.S.C. § 216(b) COLLECTIVE ACTION AND FED. R. CIV. P. 23 CLASS ACTION**

**COMPLAINT**

        Plaintiffs CHAN-CHONG CHIA a/k/a Michael Chia and FRANK THAI, (hereinafter

referred to as "Plaintiffs"), on behalf of themselves and others similarly situated, by and through

their attorneys, Troy Law, PLLC, hereby bring this complaint against Defendants BANGKOK

THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine, GREEN PAPAYA THAI RESTAURANT,

INC. d/b/a Bangkok Thai Cuisine; TAI VIEM MA; CHAU XAO MA; IRENE MA; DAVID

MA; MICHAEL MA; RICHARD MA; ALEX SETO; ANDY SHE, (hereinafter referred to as

"Defendants").

## <u>INTRODUCTION</u>

1.   This action is brought by Plaintiffs, on behalf of themselves as well as other similarly situated employees against Defendants for violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et seq.* and of the New York Labor Law ("NYLL") N.Y. C.L.S. Labor and implementing New York Codes, Rules, and Regulations ("NYCRR"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.   Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of failing to pay their employees, including Plaintiffs, minimum wage for each hour worked, overtime for all hours worked in excess of forty (40) in each workweek, and spread-of-hours for all hours worked in excess of ten (10) in each workday.

3.   Defendants willfully failed to turn over to the Bangkok Thai wait staff, including Plaintiff, the entire portion of their rightfully earned tips by allocating wait staff tips to cover non-paying customers' bills, in contravention of 29 U.S.C. §203(m) and (t), NYLL §§ 146-2.18 and 146-2.20.

4.   Defendants willfully failed to record all of the time that Plaintiffs and similarly situated employees work or worked, including time worked in excess of forty (40) hours per week and spread of hours in excess of ten (10) per day.

5.   Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid overtime, (3) the full portion of the tips illegally retained by Defendants, (4) liquidated damages; (5) prejudgment and post-judgment interest; and/or (6) attorneys' fees and costs.

6.   Plaintiff further alleges pursuant to the NYLL N.Y. C.L.S. Labor § 650 *et seq.* and NYCRR 12 N.Y.C.R.R. § 146 that he is entitled to recover from the Defendants: (1) unpaid wages,, (2) unpaid overtime; (3) the full portion of the tips illegally retained by Defendants, (4) unpaid spread-of-hours; (5) liquidated damages equal to one hundred percent (100%) of the sum of unpaid minimum wages, unpaid overtime, and unpaid spread-of-hours under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, (6) uniform maintenance pay pursuant to the Hospitality Industry Wage Order 12 NYCRR § 146-1.7 (7) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire Notice detailing rates of pay and payday; (7) up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide paystubs that accurately and truthfully listed each employee's hours along with the employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from the employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day; (8) nine percent (9%) simple prejudgment interest as provided by the New York Civil Practice Law and Rules ("CPLR") N.Y.C.P.L.R. § 5004, (9) post-judgment interest, and (10) attorneys' fees and costs.

## JURISDICTION AND VENUE

7.   This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367(a).

8.   Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFFS

9.   Plaintiff CHAN-CHONG CHIA a/k/a Michael Chia ("CHIA") was employed by BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine located at 38-04 Prince Street, Flushing, NY 11354 as a server.

10. Plaintiff FRANK THAI ("THAI") was employed by BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine located at 38-04 Prince Street, Flushing, NY 11354 as a server.

## DEFENDANTS

*Corporate Defendants*

11. Defendant BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine is a domestic business corporation organized under the laws of the State of New York with a principal address at 38-04 Prince Street, Flushing, NY 11354.

12. BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

13. BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine purchased and handled goods moved in interstate commerce.

14. Defendant GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine is a domestic business corporation organized under the laws of the State of New York with a principal address at 38-04 Prince Street, Flushing, NY 11354.

15. GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

16. GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine purchased and handled goods moved in interstate commerce.

17. At all relevant times, the work performed by Plaintiffs was directly essential to Corporate Defendants doing business as Bangkok Thai Cuisine.

*Individual Defendants*

18. The Individual Defendants are officers, directors, managers, and/or majority shareholders or owners of the Corporate Defendants and being among the ten largest shareholders, are individually responsible for unpaid wages under the New York Business Corporation Law. N.Y. C.L.S. BSC § 630(a).

19. TAI VIEM MA, known as "Boss" to Plaintiffs, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

20. Among other Bangkok Thai Cuisine employees, TAI VIEM MA fired FRANK THAI.

21. TAI VIEM MA promised MICHAEL CHEAH he could go back to work

22. TAI VIEM MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with

BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

23. CHAU XAO MA (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

24. CHAU XAO MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

25. IRENE MA (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

26. IRENE MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

27. DAVID MA (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

28. DAVID MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

29. MICHAEL MA (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

30. MICHAEL MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

31. RICHARD MA (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at BANGKOK THAI CUISINE,

INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

32. RICHARD MA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

33. ALEX SETO (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

34. ALEX SETO acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

35. ANDY SHE (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules and conditions of employment, (3) determined employee rates and methods of payment, and (4) maintained employee records at BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

36. ANDY SHE acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d), regulations promulgated thereunder 29 C.F.R. § 791.2, NYLL N.Y. C.L.S. Labor § 2, and regulations promulgated thereunder, and is jointly and severally liable with BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine and GREEN PAPAYA THAI RESTAURANT, INC. d/b/a Bangkok Thai Cuisine.

37. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

*Corporate Defendants BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine, and GREEN PAPAYA THAI RESTAURANT are successor employers; in the alternative, they are joint employers*

38. Corporate Defendants BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine, and GREEN PAPAYA THAI RESTAURANT are considered the same employer under the New York Anti-Shirt Changer Law, NYLL §219.4, because "employees or the subsequent employer are engaged in substantially the same work in substantially the same working conditions under substantially the same supervisors."

39. Both corporations do business as Bangkok Thai, at the same location, in the same name, and are owned by the same Defendants.

40. In the alternative, they are joint employers, indistinguishable from one another, in their business practices, business goals, employees hired and paid.

41. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiffs, the FLSA Collective, and the Class.

42. Pursuant to 12 N.Y.C.R.R. § 146-2.2 and 29 U.S.C. § 203(m), an employer cannot take credit towards the basic minimum wage if a service employee or food service worker has not received notification of tip credit.

43. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees at least the New York minimum wage for each hour worked.

44. While employed by Defendants, Plaintiffs were not exempt under federal and state laws requiring employers to pay employees overtime.

45. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees their lawful overtime of one and one half time (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

46. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs and similarly situated employees their lawful spread of hours for each working day of Plaintiffs and similarly situated employees that lasted longer than ten (10) hours.

47. At all relevant times, Defendants knowingly and willfully failed to keep full and accurate records of Plaintiffs' hours worked and wages paid.

48. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for wage violations.

49. At all relevant times, when a customer left the restaurant without paying, Defendants would use servers' tips from previous customers to cover the bill.

50. At all relevant times, Defendants knowingly and willfully failed to furnish Plaintiffs and similarly situated employees notice that they were claiming tip credit towards Plaintiffs' and similarly situated employees' minimum wage.

51. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiffs and similarly situated employees with Time of Hire Notices reflecting rates of pay and payday as well as paystubs that listed the employee's name, the employer's name, the employer's address and telephone number, the employee's rate or rates of pay, any deductions made from employees' wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

52. Defendants knew that the nonpayment of the minimum wage, that the nonpayment of overtime, and the nonpayment of New York's spread of hours would financially injure Plaintiffs and similarly situated employees, and violate state and federal laws.

53. At all relevant times, Defendants failed to post the required New York State Department of Labor posters regarding minimum wage pay rates, overtime pay, tip credit, and pay day.

### Plaintiff CHAN-CHONG CHIA a/k/a Michael Chia

54. From on or about March 10, 2014, to December 18, 2016, Plaintiff CHAN-CHONG CHIA a/k/a Michael Chia worked for BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine located at 38-04 Prince Street, Flushing, NY 11354 as a server.

55. Plaintiff CHIA was not given any written notice regarding his schedule or pay rate to read, or any employment agreement to sign, before beginning his employment.

56. From on or about March 10, 2014 to April 30, 2014, Plaintiff CHIA's regular work schedule ran from 10:30 am to 10:30 pm, twelve (12) hours per day, Fridays through Wednesdays, plus half an hour each on Thursdays, Fridays, and Saturdays.

57. Altogether, from on or about March 10, 2014 to April 30, 2014, Plaintiff CHIA worked approximately seventy-three and one half (73.5) hours per week.

58. From on or about May 1, 2014, to October 22, 2016, Plaintiff CHIA's regular work schedule ran from 10:30 am to 10:30 pm, twelve (12) hours per day, five (5) days per week, plus half an hour each on Thursdays, Fridays, and Saturdays.

59. Altogether, from on or about May 1, 2014, to October 22, 2016, Plaintiff CHIA worked approximately sixty-one and one half (61.5) hours per week.

60. From on or about October 23, 2016, to October 29, 2016, Plaintiff CHIA had to check into a hospital for treatment, and did not work.

61. From on or about October 30, 2016 to December 18, 2016, Plaintiff CHIA resumed his regular work schedule ran from 10:30 am to 10:30 pm, twelve (12) hours per day, five (5) days per week, plus half an hour each on Thursdays, Fridays, and Saturdays.

62. Altogether, from on or about October 30, 2016 to December 18, 2016, Plaintiff CHIA worked approximately sixty-one and one half (61.5) hours per week.

63. Following his hospitalization, Plaintiff CHIA had to return to the hospital for check-up and follow-up appointments.

64. On or about December 18, 2016, Plaintiff CHIA was terminated because of his hospital visits.

65. During the course of his employment, Plaintiff CHIA was not given regular meal breaks. Plaintiff CHIA ate one meal when he could during the day, taking as little as ten (10) minutes and never more than twenty (20) minutes to eat. If customers needed service while Plaintiff CHIA was taking his meal break, he would be required to cut his break short.

66. During the course of his employment, Plaintiff CHIA was not informed of his hourly pay rate.

67. At all relevant times, Plaintiff CHIA was paid at a flat rate of five hundred dollars ($500.00) every two weeks, in cash.

68. During the course of his employment, Defendants willfully failed to keep records of Plaintiff CHIA's hours worked.

69. During the course of his employment, Plaintiff CHIA was not paid at least one and one-half (1.5x) the minimum wage or his calculated hourly wage, whichever was greater, for hours worked in excess of forty (40) per week.

70. During the course of his employment, Plaintiff CHIA was not paid New York's spread of hours premium for workdays that began and ended more than ten (10) hours apart.

71. During the course of his employment, Plaintiff CHIA was not informed of any tip credits taken toward the minimum wage.

72. During the course of his employment, Defendants willfully failed to keep records of tips Plaintiff CHIA received.

73. During the course of his employment, Plaintiff CHIA spent approximately two (2) hours per day on non-tipped side work.

*Plaintiff FRANK THAI*

74. From on or about February 1, 2013, to March 15, 2016, Plaintiff FRANK THAI worked for BANGKOK THAI CUISINE, INC. d/b/a Bangkok Thai Cuisine located at 38-04 Prince Street, Flushing, NY 11354 as a server.

75. Plaintiff THAI was not given any written notice regarding his schedule or pay rate to read, or any employment agreement to sign, before beginning his employment.

76. From on or about February 1, 2013 to April 30, 2014, Plaintiff THAI's regular work schedule ran from 11:30 am to 11:30 pm plus half an hour, twelve and one half (12.5) hours per day, six (6) days per week.

77. Altogether, from on or about February 1, 2013 to April 30, 2014, Plaintiff THAI worked approximately seventy-five (75) hours per week.

78. From on or about May 1, 2014, to March 15, 2016, Plaintiff THAI's regular work schedule ran from 11:30 am to 11:30 pm plus half an hour, twelve and one half (12.5) hours per day, Wednesdays through Sundays, with Mondays and Tuesdays off.

79. Altogether, from on or about May 1, 2014, to March 15, 2016, Plaintiff THAI worked approximately sixty-three (63) hours per week.

80. During the course of his employment, Plaintiff THAI was not given regular meal breaks. Plaintiff THAI ate one meal when he could during the day, taking as little as ten (10) minutes and never more than twenty (20) minutes to eat. If customers needed service while Plaintiff THAI was taking his meal break, he would be required to cut his break short.

81. During the course of his employment, Plaintiff THAI was not informed of his hourly pay rate.

82. At all relevant times, Plaintiff THAI was paid at a flat rate of five hundred dollars ($500.00) every two weeks, in cash.

83. During the course of his employment, Defendants willfully failed to keep records of Plaintiff THAI's hours worked.

84. During the course of his employment, Plaintiff THAI was not paid at least one and one-half (1.5x) the minimum wage or his calculated hourly wage, whichever was greater, for hours worked in excess of forty (40) per week.

85. During the course of his employment, Plaintiff THAI was not paid New York's spread of hours premium for workdays that began and ended more than ten (10) hours apart.

86. During the course of his employment, Plaintiff THAI was not informed of any tip credits taken toward the minimum wage.

87. During the course of his employment, Defendants willfully failed to keep records of tips Plaintiff THAI received.

88. During the course of his employment, Plaintiff THAI spent approximately two (2) hours per day on non-tipped side work.

## COLLECTIVE ACTION ALLEGATIONS

89. Plaintiffs bring this action individually and on behalf of all other current and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and who were not compensated at least the hourly minimum wage and/or overtime for all hours worked in excess of forty (40) per week (the "Collective Action Members.")

## CLASS ACTION ALLEGATIONS

90. Plaintiffs bring their NYLL claims pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

91. All said persons, including Plaintiffs, are referred to herein as the "Class."

92. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class member is also determinable from Defendants' records.

For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

93. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number can be based are presently within the sole control of the Defendants, upon information and belief, there are more than eleven (11) members of the Class.

*Commonality*

94. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.      Whether Defendant employed Plaintiffs and the Class members within the meaning of the NYLL;

    b.      Whether Plaintiffs and the Class members were entitled to and paid minimum wage under the NYLL;

    c.      Whether Plaintiffs and the Class members were entitled to and paid overtime under the NYLL;

    d.      Whether Defendants maintained a policy, pattern, and/or practice of failing to pay Plaintiffs and the Class members spread of hours pay as required by the NYLL and NYCRR;

    e.      Whether Defendants maintained a policy, pattern, and/or practice of failing to provide requisite statutory meal periods;

f.        Whether Defendants maintained a policy, pattern and/or practice of misallocating tips;

g.        Whether Defendants provided a Time of Hire Notice detailing rates of pay and payday at the start of Plaintiffs' and the Class members' employment, or timely thereafter;

h.        Whether Defendants provided paystubs detailing the rates of pay and credits taken toward the minimum wage to Plaintiffs and the Class members each payday; and

i.        At what common rate, or rates subject to a common method of calculation were and are Defendants required to pay the Class members for their work.

*Typicality*

95. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate policies of Defendants, as alleged herein, of failing to pay minimum wage and/or overtime. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

*Adequacy*

96. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

97. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common class-wide relief. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

98. Upon information and belief, Defendants and other employers throughout the state of New York violate the NYLL. Current employees are often afraid to assert their rights out of fear of

direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Nonpayment of Minimum Wage
Brought on behalf of the Plaintiffs and the FLSA Collective]**

99. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

100.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs, and the similarly-situated Collective Action Members, for some or all of the hours they worked.

101.    The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional amount as liquidated damages.

102.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiffs and the Collective Action Members at the statutory minimum wage when they knew or should have known that such was due and that failing to do so would financially injure Plaintiffs and the Collective Action Members.

### COUNT II.
**[Violations of the New York Labor Law—Nonpayment of Minimum Wage
Brought on behalf of the Plaintiffs and the Rule 23 Class]**

103.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

104.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of NYLL N.Y. C.L.S. Labor §§ 2 and 651.

105.    At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs and the Class for some or all of the hours they worked.

106.    Defendants knowingly and willfully violated Plaintiffs' and similarly-situated Class Members' rights by failing to pay them minimum wages in the lawful amount for hours worked.

107.    After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Nonpayment of Overtime Brought on behalf of the Plaintiffs and the FLSA Collective]

108.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

109.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for such employment at a rate not less than one and one half times (1.5x) the regular rate at which he is employed, or one and one half times (1.5x) the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

110.    Defendants' failure to pay Plaintiff and the FLSA Collective overtime violated the FLSA.

111.    At all relevant times, Defendants had, and continue to have, a policy and practice of refusing to pay overtime at the statutory rate to Plaintiffs and the Collective Action Members for all hours worked in excess of forty (40) per workweek, which violated and continues to violate the FLSA, 29 U.S.C §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

112.    The FLSA and supporting regulations require employers to notify employees of the requirements of the employment law. 29 C.F.R. § 516.4.

113.    Defendants willfully failed to notify Plaintiffs and the FLSA Collective of the requirements of their employment laws in order to facilitate their exploitation of Plaintiffs' and the FLSA Collective Members' labor.

114.    Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs and the Collective Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known that failing to do so would financially injure Plaintiffs and the Collective.

**COUNT IV.**
**[Violations of the New York Labor Law—Nonpayment of Overtime**
**Brought on behalf of the Plaintiffs and the Rule 23 Class]**

115.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

116.    After April 9, 2011, under the New York Wage Theft Prevention Act 2009 N.Y. S.N. 8380, an employer who fails to pay overtime shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the shortfall plus interest.

117.    At all relevant times, Defendants had a policy and practice of refusing to pay overtime at one and one half times (1.5x) Plaintiffs' and the Class Members' regular hourly rate or the minimum wage, whichever is greater.

118.    Defendants' failure to pay overtime violated the NYLL.

119.    Defendants' failure to pay overtime was not in good faith.

**COUNT V.**
**[Violations of the New York Labor Law—Nonpayment of Spread of Hours**
**Brought on behalf of the Plaintiffs and the Rule 23 Class]**

120. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

121. 12 N.Y.C.R.R. § 146-1.6 requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of ten (10) hours from the start to the end of the workday, inclusive of any breaks.

122. At all relevant times, Defendants had a policy and practice of refusing to pay spread of hours.

123. Defendants' failure to pay Plaintiffs and the Class Members spread of hour pay was not in good faith.

## COUNT VI.
### [Violations of the Fair Labor Standards Act—Unlawful Retention of Tips
### Brought on behalf of the Plaintiff and the FLSA Collective]

124. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

125. A tip is the sole property of the tipped employee regardless of whether the employer takes a tip credit.

126. The FLSA prohibits any arrangement between the employer and tipped employee whereby any part of the tip received becomes the property of the employer.

127. Retaining portions of the tips from Pho Vietnamese Restaurant wait staff to cover the bills of non-paying customers is prohibited under the FLSA.

## COUNT VII.
### [Violations of the New York Labor Law—Unlawful Retention of Tips
### Brought on behalf of the Plaintiff and the Rule 23 Class]

128. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

129. Section 196-d of the New York State Labor Law prohibits employers from demanding, accepting, or retaining, directly or indirectly, any part of an employee's gratuity or any charge purported to be a gratuity.

130. A charge purported to be a gratuity must be distributed in full as gratuities to the service employees or food service workers who provided the service.

131. § 146-2.18 provides that there shall be a rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for "service" or "food service," is a charge purported to be a gratuity.

132. Retaining portions of the tips from Pho Vietnamese Restaurant wait staff to cover the bills of non-paying customers is prohibited under the NYLL.

## COUNT VIII.
### [Violations of the New York Labor Law—Failure to Provide Meal Periods
### Brought on behalf of the Plaintiffs and the Rule 23 Class]

133. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

134. The NYLL requires that employers provide: a noon day meal period of at least thirty (30) minutes for employees who work a shift of more than six hours extending over the noon day meal period from 11:00 am to 2:00 pm; an additional meal period between 5:00 pm and 7:00 pm of at least twenty (20) minutes for employees whose shifts started before 11:00 am and continue later than 7:00 pm; and/or a forty-five (45) minute meal period at a time midway between the beginning and end of the shift for employees whose shift lasts more than six (6) hours and starts between 1:00 pm and 6:00 am. N.Y. C.L.S. Labor § 162.

135. Defendants failed to provide meal periods required by NYLL for every day that Plaintiffs and the Class Members worked.

136. Though the Department of Labor Commissioner may permit a shorter time to be fixed for meal periods than hereinbefore provided, such permit must be in writing and be kept conspicuously posted in the main entrance of the establishment. No such permit is posted.

137. Defendants' failure to provide the meal periods required by NYLL was not in good faith.

## COUNT IX.
### [Violations of the New York Labor Law—Failure to Keep Records
### Brought on behalf of the Plaintiffs and the Rule 23 Class]

138. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

139. Defendants willfully failed to maintain, establish, and preserve Plaintiffs' weekly payroll records for a period of not less than six years, as required by 12 N.Y.C.R.R. § 146-2.1.

140. As a result of Defendants' unlawful conduct, Plaintiffs have sustained damages including loss of earnings, in an amount to be established at trial, liquidated damages, prejudgment interest, costs, and attorneys' fees, pursuant to state law.

141. Upon information and belief, Defendants failed to maintain adequate written records of actual hours worked and wages earned by Plaintiffs in order to facilitate their exploitation of Plaintiffs' labor.

142. Defendants' failure to maintain adequate and accurate written records of actual hours worked and wages earned by Plaintiffs was not in good faith.

## COUNT X.
### [Violations of the New York Labor Law—Failure to Provide Time of Hire Wage
### Notice
### Brought on behalf of the Plaintiffs and the Rule 23 Class]

143. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

144.    NYLL requires employers to provide written notice of: the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances clamed, if any, as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer, the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer. N.Y. C.L.S. Labor § 195-1(a).

145.    Defendants willfully failed to provide notice to employees in violation of NYLL, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle, and rate of overtime on his or her first day of employment.

146.    Defendants not only did not provide notice to each employee at time of hire, but failed to provide notice even after the fact.

147.    Due to Defendants' violations of NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, fifty dollars ($50.00) for each workday that the violation occurred or continued to occur, up to five thousand dollars ($5,000.00) for each Plaintiff, together with costs and attorneys' fees pursuant to N.Y. C.L.S. § 198(1-b).

**COUNT XI.**
**[Violations of the New York Labor Law—Failure to Provide Pay Stub**
**Brought on behalf of the Plaintiffs and the Rule 23 Class]**

148.    Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

149.    NYLL requires employers to provide detailed paystub information to employees every payday. N.Y. C.L.S. Labor § 195-1(d).

150. Defendants have failed to make a good faith effort to comply with the NYLL with respect to the compensation of each Plaintiff, and did not provide paystubs on or after each Plaintiff's payday.

151. Due to Defendants' violations of NYLL, Plaintiffs are entitled to recover from Defendants, jointly and severally, two hundred fifty dollars ($250.00) for each workday that the violation occurred or continued to occur, up to five thousand dollars ($5,000.00) for each Plaintiff, together with costs and attorneys' fees pursuant to N.Y. C.L.S. § 198(1-b).

## COUNT XII.
### [Violations of the Internal Revenue Code—Fraudulent Filing of IRS Returns Brought on behalf of the Plaintiffs]

152. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

153. 26 U.S.C. § 7434 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bright a civil action for damages against the person so filing such a return.

154. Due to Defendants' violations of 26 U.S.C. § 7434, Plaintiffs are entitled to recover from Defendants, jointly and severally: (1) any actual damages sustained by the Plaintiffs as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such a filing), (2) the cost of the action, and (3) in the court's discretion, reasonable attorney's fees.

## COUNT XIII.
### [Violations of the New York General Business Law—Deceptive Acts and Practices Brought on behalf of the Plaintiffs]

155. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

156.    New York's General Business Law ("NYGBL") N.Y. C.L.S. General Business § 349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

157.    Due to Defendants' violations of NYGBL, Plaintiffs are entitled to recover from Defendants, jointly and severally, their actual damages or fifty dollars ($50.00), whichever is greater.

158.    Plaintiffs demand the right to examine, in person or by attorney, the minutes of the proceedings of the shareholders and records of shareholders of Corporate Defendant to recover wages owed as employees of the Corporate Defendant.

## **PRAYER FOR RELIEF**

159.    WHEREFORE, Plaintiffs, on their own behalf, and on the behalf of the FLSA Collective and Rule 23 Class, respectfully request that this Court enter a judgment providing the following relief:

a.    Certification of this case as a collective action pursuant to FLSA;

b.    Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action members;

c.    A declaratory judgment that the practices complained of herein are unlawful under FLSA and NYLL;

d. An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

e. An award of compensatory damages equal to the unpaid minimum wage, overtime, and spread of hours, and misappropriated tips due to Plaintiffs and the Collective under FLSA, and to Plaintiffs and the Class under the NYLL, plus punitive and/or liquidated damages equal to compensatory damages under the New York Wage Theft Prevention Act for Defendants' willful failure to pay minimum wage, overtime, and spread of hours;

f. Up to five thousand dollars ($5,000.00) per Plaintiff for Defendants' failure to provide a Time of Hire notice detailing rates of pay and payday;

g. Up to five thousand dollars ($5,000.00) per Plaintiff Defendants' failure to provide paystubs that list employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day;

h. An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;

i. An award of prejudgment and post-judgment interest;

j. Providing that if any amounts remain unpaid upon the expiration of ninety (90) days following the issuance of judgment, or ninety (90) days after expiration of the time to appeal with no appeal then pending, whichever is later, the total amount of judgment

shall automatically increase by fifteen percent (15%), as required by NYLL N.Y. C.L.S.

Labor § 198(4).

k.     Such other and further legal and equitable relief as this Court deems necessary,

just, and proper.

Dated: April 27, 2017          TROY LAW, PLLC
       Flushing, NY            *Attorneys for the Plaintiffs, proposed FLSA*
                               *Collective and potential Rule 23 Class*


                                /s/ John Troy_____
                               John Troy (JT 0481)
                               41-25 Kissena Boulevard, Suite 119
                               Flushing, NY 11355
                               Tel (718) 762-1324
                               johntroy@troypllc.com